# United States Bankruptcy Court
## Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

Thursday, May 7, 2009             Hearing Room 304

9:30 am

**6:09-13830**    Juan R. Baltazar           Chapter 7

#52.00    The Estle Law Firm - movant attorney

Motion for relief from stay

Citi Residential Lending Inc vs. DEBTOR, Sandra L. Bendon, Chapter 7 Trustee
(Motion filed 3/25/2009)

EH_____

Docket #:

**Matter Notes:**

(X) **Granted**    ( ) **Denied**

(X) Tentative / ~~Final Ruling~~ is Final Order of the Court

( ) Based on findings of fact and conclusions of law made on the record

( ) **Stipulation** by the parties with respect to relief sought to be filed with the court within 7 days

( ) **Continuance** - Hearing on the motion is continued to _____
    at _____ a.m./p.m.

( ) **Off Calendar**

( ) **Other**

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Peter Carroll, Presiding
### Courtroom 304 Calendar

**Thursday, May 7, 2009**  **Hearing Room 304**

**9:30 am**

**Cont....    Juan R. Baltazar**  **Chapter 7**

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

None.

**Final Ruling**. This motion for relief from the automatic stay has been set for hearing on the notice required by LBR 4001(c)(1) and LBR 9013-1(d)(2). The failure of the debtor, the trustee, and all other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h). *Cf.* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court is granting the relief requested by the moving party and for which a *prima facie* case has been established, an actual hearing is not necessary. *See* Boone v. Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Their defaults are entered and the matter will be resolved without oral argument. LBR 9013-1(j)(3). **No appearance is necessary**.

The motion is granted pursuant to 11 U.S.C. §§ 362(d)(1), (2), and (4). The stay is terminated as to the debtor and the debtor's bankruptcy estate with respect to the movant, its successors, transferees and assigns. Movant may enforce its remedies to obtain possession of the property in accordance with applicable law, but may not pursue a deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

Movant completed a nonjudicial foreclosure sale on the real property formerly owned by, and still occupied by, the debtor. Under California law, once a nonjudicial foreclosure sale has occurred, the trustor has no right of redemption. Moeller v. Lien, 25 Cal. App. 4th 822, 831 (1994). In this case, the debtor has no right to ignore the foreclosure and attempt to reorganize the debt.

Movant served the debtor with a three-day notice to quit the premises on May 29, 2008. When the debtor failed to vacate the premises, an unlawful detainer action was filed and served on June 10, 2008. A trial was held on August 22, 2008, and a judgment was entered in favor of the movant on that same day. Debtor filed the bankruptcy petition on March 2, 2009 in an apparent effort to stay enforcement of the unlawful detainer judgment.

# United States Bankruptcy Court
## Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

**Thursday, May 7, 2009**  Hearing Room 304

---

9:30 am

Cont....    **Juan R. Baltazar**    Chapter 7

The court also finds that the filing of the petition was part of a scheme to hinder, delay <u>and</u> defraud creditors involving multiple bankruptcy filings affecting the subject property. 11 U.S.C. § 362(d)(4).

Movant further requests in the motion that "extraordinary relief" be granted by the court. An order prohibiting for 180 days the subsequent filing of a bankruptcy case by the debtor or by another person or entity to whom the subject property may be transferred is in the nature of an injunction not specifically authorized by the Bankruptcy Code. <u>Johnson v. TRE Holdings LLC (In re Johnson)</u>, 346 B.R. 190, 196 (9th Cir. BAP 2006). Nor does there "appear to be direct statutory authority for an order that bans the filing of future bankruptcy cases by other persons, bans automatic stays in future cases, and authorizes the sheriff to ignore a future bankruptcy case when conducting an eviction." <u>In re Van Ness</u>, 399 B.R. 897, 903 (Bankr. E.D. Cal. 2009). Therefore, a motion is not the appropriate vehicle for obtaining the "extraordinary relief" requested. Movant must seek this aspect of the relief by adversary proceeding. <u>Johnson</u>, 346 B.R. at 195. Accordingly, the movant's request for "extraordinary relief" is denied.

The 10-day period specified in FRBP 4001(a)(3) is waived. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code. Provided the order is recorded in compliance with applicable state law, the order granting this motion will be binding and effective in any other case under this title purporting to affect the subject property filed not later than 2 years after the date of entry of the order, except that the debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. 11 U.S.C. § 362(d)(4). All other relief is denied.

The movant shall submit an appropriate order.

Party Information

<u>Debtor(s):</u>

---